UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Jessica S. Allen**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

**REPORT & RECOMMENDATION**

March 8, 2022

**Via Regular Mail**
Shane Shareef Thomas
Jacqueline A. Drakeford
121 Royal Drive, Apt. 494
Piscataway, NJ 08854

**Via Regular Mail**
Jacqueline R. Drakeford
405 Ashdowne Way
Sandy Springs, GA 30350

Re:   American General Life Ins. Co. v. Thomas, et al.
      Civil Action No.: 18-1349 (ES)(JSA)

Dear Litigants:

This Report and Recommendation addresses the request of Jacqueline A. Drakeford ("Ms. Drakeford") to release life insurance funds to be paid for her benefit by depositing those funds into the "Dawn Drakeford Trust For The Benefit Of Jacqueline Drakeford" ("the Trust"). (ECF Nos. 45, 46, & 48). The Honorable Esther Salas, U.S.D.J., referred this application to the undersigned for a Report and Recommendation. Having considered Ms. Drakeford's application and based on the *pro se* parties' representations on the record on January 31, 2022, and for the reasons set forth on the record and below, and the Court having received no opposition, and for good cause shown, it is respectfully recommended that the life insurance funds for Ms. Drakeford's benefit be released and deposited into the Trust.

**Background**

This matter arises from a Complaint in interpleader filed by American General Life Insurance Company ("American General") on January 31, 2018, pursuant to 28 U.S.C. § 1335 *et seq*. (Complaint, ECF No. 1). America General alleges that on January 3, 2006, it "issued a $300,000.00, 20 Year Renewable Level Benefit Life Policy" (the "Policy") to Dawn N. Drakeford. (*Id*. at ¶ 7). Dawn N. Drakeford identified the beneficiary for the Policy as "'Primary Name Jacqueline R. Drakeford, Relationship, Parent in Trust of CH, % Share 100.'" (*Id*. at ¶ 6). Ms. Dawn N. Drakeford (the "Deceased") passed away on August 29, 2017. (*Id*. at ¶ 9).

On January 31, 2018, American General moved to deposit the insurance death benefit funds ("funds") with the Court. (ECF No. 4). As part of its motion, American General also sought, upon the deposit of such funds, to be discharged from further liability regarding the Policy or the funds under the federal Interpleader Act. (*Id.*) On June 21, 2018, the Hon. Esther Salas, U.S.D.J., issued an Order, granting the motion, (ECF No. 12 at 5-6), thereby dismissing American General from this action with prejudice.

As detailed in the June 21, 2018 Order, Judge Salas further determined that the Court has subject matter jurisdiction over this interpleader action and Defendants Shane Shareef Thomas, who is Ms. Drakeford's father ("Mr. Thomas") and Jacqueline R. Drakeford, who is Ms. Drakeford's grandmother, (sometimes collectively "Defendants"). (*Id.* at 5, 7). Judge Salas noted that Defendants were "compelled to litigate, adjust or settle among each other their respective and lawful entitlement to the money to be deposited by American Insurance, or upon their failure to do so, this Court shall settle and adjust the claims and determine to whom the within total funds shall be paid." (*Id.* at 7).

While Defendants initially disputed who had the proper claim to the funds, during a Telephone Status Conference before the Hon. Joseph A. Dickson, U.S.M.J. (ret.) on November 4, 2020, they eventually agreed that the funds should be released for the benefit of Ms. Drakeford as the rightful sole beneficiary. (Tr. 4:14-6:3, ECF No. 40). However, Defendants disagreed about the timing of that release and other conditions for the release of the monies, and thus Judge Dickson issued an Order on November 10, 2020, directing Defendants to submit their respective positions. (*See* ECF No. 32).

Importantly, Ms. Drakeford was a minor at the time this action was commenced. However, during the pendency of this action, she reached the age of majority. As such, on December 2, 2020, she submitted a letter to the Court, requesting that the funds be released to her. (ECF No. 34). Thereafter, Judge Dickson held a Telephone Status Conference on February 1, 2021, with Ms. Drakeford and Mr. Thomas appearing. (ECF No. 39). During the conference, Mr. Thomas represented that the funds, if released, would be deposited into a trust. (*Id.* at 4). Judge Dickson directed that the funds continue to be held with the Court and ordered Mr. Thomas to provide the Court with the name of the trust, who would be the beneficiary, and where to direct the check for any released insurance funds so that they could be deposited into the trust. (*Id.* at 4-5; *see* 1/31/22 Tr. at 5).

Thereafter, this case was reassigned to the Undersigned. As the Court had not received the information previously ordered by Judge Dickson, I issued an order on March 11, 2021, directing the parties to file letters with the Court on or before April 1, 2021, setting forth the status of: (1) the creation of a trust for Jacqueline A. Drakeford, (2) the name of the trust, and (3) the name and

address of the appointed trustee related to the potential release of the funds at issue in this case. (ECF No. 36).

Thereafter, Mr. Thomas filed a copy of a Trust Agreement, which identified the name of the Trust as the "Dawn Drakeford Trust for the benefit of Jacqueline Drakeford" and designated Shane Thomas as Grantor and Trustee. (ECF No. 37). It appears that Mr. Thomas signed the Trust Agreement on March 8, 2021, and it had been notarized on that date as well. (*Id*.)

However, during a telephone status conference held on April 16, 2021, Ms. Drakeford's position and request regarding the potential release of the deposited funds became unclear to the Court. As such, consistent with this Court's inherent equitable powers, and for good cause shown, on October 27, 2021, the Undersigned *sua sponte* appointed David Grantz to serve as *pro bono* counsel for Ms. Drakeford for the limited purpose of providing legal advice and representation to her in connection with the potential release of the deposited funds. (ECF No. 43).

**Instant Application to Release the Funds**

As it relates to the instant application, the Court received two letters from Ms. Drakeford, dated November 1, 2021, and December 16, 2021, indicating that she did not wish to be represented by assigned *pro bono* counsel and requesting that the funds be released and deposited into a trust created for her benefit. (ECF Nos. 45 & 46). Thereafter, on December 17, 2021, this Court issued an Order, directing Ms. Drakeford on or before January 18, 2022, to file with the Court a fully executed copy of the "Trust Agreement" referenced in her November 1, 2021, letter. (ECF No. 47). On January 10, 2022, Ms. Drakeford filed a copy of the same Trust Agreement that Mr. Thomas previously submitted to the Court (ECF Nos. 37, 48 & 48-1). The Trust Agreement also created the same trust entitled, "Dawn Drakeford Trust for the Benefit of Jacqueline

Drakeford," ("Trust"), and designated Mr. Thomas as Grantor and Trustee. (ECF Nos. 48 & 48-1).

On January 31, 2022, this Court conducted a Telephone Status Conference, wherein Ms. Drakeford, Mr. Thomas, *pro bono* counsel David Grantz, and Jacqueline R. Drakeford's husband, Clifford Drakeford,[1] were present. The Court discharged *pro bono* counsel after confirming, on the record, that Ms. Drakeford reaffirmed her decision to decline representation. (1/31/22 Tr. at 8:16 – 9:19, ECF No. 52; *see* ECF No. 49).  Further, on the record, the Court confirmed that there is no dispute among all interested parties that Jacqueline A. Drakeford is the sole intended prospective beneficiary.  (1/31/22 Tr. at 4:24 – 5:1).  The Court also confirmed, on that record, that the Trust was created for Ms. Drakeford's benefit, pursuant to a duly executed Trust Agreement, designating Mr. Thomas as the grantor and trustee:

> THE COURT: All right. I am in receipt of and I have reviewed the trust agreement. As I've mentioned, it's been named the Dawn Drakeford Trust for the Benefit of Jacqueline Drakeford. And it was signed and dated by Mr. Shane Thomas and notarize -- as trustee and he's also – in the trust agreement he's also the grantor, and it's notarized on the same date. And it is attached, the trust agreement, as Exhibit 1 to Ms. Jacqueline A. Drakeford's notarized letter which is ECF Number 48.):
>
> As per the Trust Agreement, Mr. Thomas has been designated as Grantor and Trustee.  Is that correct, Mr. Thomas?
>
> MR. THOMAS: Yes
>
> THE COURT: I also note that, according to the trust agreement, the trust was created for the benefit of Ms. Jacqueline A. Drakeford. Is that correct, Mr. Thomas?
>
> MR. THOMAS: Yes

---

[1] Mr. Drakeford represented on the record that his wife was gravely ill and so was unable to attend.  Given the circumstances, the Court permitted Mr. Drakeford to observe, but not participate, in the conference.

> THE COURT: And is that your understanding, Ms. Drakeford? That it was created, the trust, for your benefit?
>
> MR. THOMAS: Yes
>
> …
>
> THE COURT: All right. So, as I am reading -- as I just read the portion from the trust agreement, it says here that the monies shall be released to Ms. Jacqueline A. Drakeford once she reaches the age of 25.
>
> Ms. Drakeford, is that your understanding as well?
>
> MS. DRAKEFORD: Yes.

(Tr. 10:9-13:5, ECF No. 52).

Based on the foregoing, and for good cause shown, I found, on the record, that in the best interests of Ms. Jacqueline A. Drakeford, the undisputed sole beneficiary of the insurance proceeds, that the interpleader funds deposited with the Court should be paid and released, minus any applicable administrative fees, to the Trust for Ms. Drakeford's benefit. To that end, I advised the parties that I would issue a report and recommendation to District Judge Salas regarding the release of the funds and an order dismissing the interpleader complaint. (Tr. at 16:12-22). As stated during the conference and memorialized in this Court's Order of February 1, 2022, I required Mr. Thomas, as Trustee, to submit a letter to the Court, on or before February 10, 2022, directing where a check payable to the Trust for the interpleaded funds should be sent, and include the address regarding same. (Tr. 16:23 – 17:4; ECF No. 50). I advised Mr. Thomas and Ms. Drakeford that such information was required before the Court could issue a report and recommendation to District Judge Salas. (Tr. 16:17 – 18:1). Thereafter, Mr. Thomas filed a letter on February 8, 2022, indicating that the check for the released funds should be issued to "Dawn Drakeford Trust

f/b/o Jacqueline Drakeford" to be deposited into an account located at Investors Bank in Piscataway, New Jersey, and directing to where the funds should be mailed. (ECF No. 51).

**Conclusion**

For the reasons stated above and on the record on January 31, 2022, and for good cause shown, this Court respectfully recommends, in the best interests of Ms. Jacqueline A. Drakeford, who is the undisputed sole beneficiary, that the life insurance interpleader funds previously deposited with the Court's registry, minus any applicable administrative fees, be released and paid for Ms. Drakeford's benefit by depositing those funds into the Trust, with a check issued to "Dawn Drakeford Trust f/b/o Jacqueline Drakeford" and sent by certified mail/return receipt requested to Shane Thomas, as Trustee, to 121 Royal Drive, Apt #494, Piscataway, New Jersey 08854. The Court further recommends that an Order be entered dismissing the interpleader complaint.

The parties are advised that, pursuant to Federal Rule of Civil Procedure 72(b)(2), they have fourteen (14) days after receiving a copy of this Report and Recommendation to serve and file any specific written objections to the Honorable Esther Salas, U.S.D.J. The Clerk of the Court is directed to mail a copy of this Report and Recommendation by regular U.S. Mail to Ms. Drakeford, Mr. Thomas, and Jacqueline R. Drakeford.

SO ORDERED.

        s/ Jessica S. Allen
        **JESSICA S. ALLEN**
        **UNITED STATES MAGISTRATE JUDGE**

cc:    Hon. Esther Salas, U.S.D.J.